**SUN–MAID RAISIN GROWERS OF CALIFORNIA, Appellant,**

v.

**SUNAID FOOD PRODUCTS, INC.,**
Appellee.

No. 22097.

United States Court of Appeals
Fifth Circuit.

Feb. 10, 1966.

468

PER CURIAM.

Sun-Maid Raisin Growers of California, the appellant here and the plaintiff below, is an agricultural cooperative engaged primarily in the packing and marketing of raisins. It is incorporated under the laws of California. The trademark "SUN-MAID" has been in continuous use in interstate commerce by the appellant or its predecessors since 1915 and has been registered in the United States Patent Office since 1917. The mark has become incontestable within the provisions of 15 U.S.C.A. § 1065.

Sunaid Food Products, Inc., the appellee here and the defendant below, is a Florida corporation, engaged in the distribution of a large variety of fruit products under its trademark since 1948. It does not produce raisins and it does not sell them except as a component of one of its products.

The goods of both parties are normally sold in food stores and purchased by the same consumers, usually grocery-shopping housewives. The primary products are not in direct competition.

▪ The appellant's claim of trademark infringment is based solely on the Lanham Act, 15 U.S.C.A. § 1114(1) (a). A count for unfair competition was expressly waived on appeal. The trial court, sitting without a jury, found that, as there was no direct competition, the goods of Sunaid would not be confused with or mistaken for the goods of Sun-Maid. It was also found that there was no likelihood of the goods of Sunaid being mistakenly thought to have been produced or sponsored by Sun-Maid. The two trademarks were found not to be confusingly similar. These findings are matters of fact and not to be disturbed unless clearly erroneous. Frostie Co. v. Dr. Pepper Co., 5 Cir. 1965, 341 F.2d 363; Aloe Creme Lab., Inc. v. Texas Pharmacal Co., 5 Cir. 1964, 335 F.2d 72; American Foods, Inc. v. Golden Flake, Inc., 5 Cir. 1963, 312 F.2d 619; Sears, Roebuck & Co. v. All States Life Ins. Co., 5 Cir. 1957, 246 F.2d 161, cert. den., 355 U.S. 894, 78 S.Ct. 268, 2 L.Ed.2d 192.

Dirks B. Foster, Boyken, Mohler & Foster, San Francisco, Cal., for appellant.

Phillip Goldman, Talbot D'Alemberte, Scott, McCarthy, Preston & Steel, Miami, Fla., for appellee.

Before JONES and THORNBERRY, Circuit Judges, and SLOAN, District Judge.

The finding that Sunaid's products were not likely to be mistaken for or confused with Sun-Maid's products is not clearly erroneous. While the record indicates that Sun-Maid has made nominal shipments of various food products for a number of years, there is no indication that Sun-Maid has actually sold any of these goods in commerce. There is certainly no indication that Sun-Maid markets anything other than raisins in the area where Sunaid sells its products. As the goods are dissimilar, confusion of the goods is unlikely.

The finding that there is no likelihood of confusion between the sources of Sun-Maid's products and those of Sunaid presents a more difficult problem. In its unpublished opinion, the trial court placed great emphasis on differences in appearance between the labels used by the parties. Reference is made to different pictures used in conjunction with the trademarks and to differences in the style of lettering used. The test, however, is not whether the labels can be distinguished, but whether the usual purchaser, a housewife doing her grocery shopping, would be likely to think Sunaid's products were produced by or had some connection with Sun-Maid. Pure Foods, Inc. v. Minute Maid Corp., 5 Cir., 1954, 214 F.2d 792, cert. den., 348 U.S. 888, 75 S.Ct. 208, 99 L.Ed. 697. That Sun-Maid might use a somewhat different label and a different style of type in marketing a product other than its traditional raisins might seem likely to the housewife-purchaser.

The trial court found that Sun-Maid had offered no significant evidence of confusion or the likelihood of confusion. This Court has said that:

"In determining whether there [is] likelihood of confusion, a matter as to which there was no substantial evidence, we are of the view that a mere ocular examination of the two marks might permit the trial court to make its conclusion. However, all relevant evidence should be considered." Frostie Co. v. Dr. Pepper Co., supra.

It is the labels that the prospective purchaser sees. The trademarks cannot be isolated from the labels on which they appear. The finding of an absence of proof of confusion or likelihood of confusion as to the product source is not clearly erroneous.

The judgment of the district court is Affirmed.