**ESTATE of Doyle Eugene JOHNSON,
Deceased, Plaintiff,**

v.

**BELLVILLE HOSPITAL et al.,
Defendants.**

Civ. A. No. 71–H–610.

United States District Court,
S. D. Texas,
Houston Division.

Feb. 1, 1972.

Supplemental Memorandum
May 16, 1972.

Second Supplemental Memorandum
Sept. 7, 1972.

Dale Friend, Brown, Kronzer, Abraham, Watkins & Steely, Houston, Tex., for plaintiff.

Howard L. Nations, Nations & Cross, Thomas G. Bousquet, Wandel & Bousquet, Houston, Tex., for defendants.

MEMORANDUM AND ORDER:

SEALS, District Judge.

Plaintiff in this wrongful death action is the estate of an individual who died following an automobile accident near Bellville, Texas. The decedent was taken to Bellville Hospital and subsequently transferred to Sharpstown General Hospital in Houston, where he was pronounced dead on arrival. Plaintiff contends that death resulted from the combined negligence of the defendants. The case is presently before the Court on Defendants' motion to dismiss.

Plaintiff is represented by Dale Singleton, as independent executor of decedent's estate. The beneficiaries of the estate—decedent's wife and children—are residents of the State of Texas. Defendants assert that, under the terms of

decedent's will, Ruth Marie Johnson, a resident of Texas, was designated as independent executrix and that Singleton, a resident of Illinois, was named as substitute independent executor. Ms. Johnson, however, signed a waiver of her right to serve as independent executrix, "for the sole purpose," according to defendants, "of having Singleton named as independent executor herein in order to create the requisite diversity of citizenship which otherwise does not exist." Defendants contend that such a device falls squarely within the terms of 28 U.S.C. § 1359, which prohibits "manufactured" diversity.

■ The Court of Appeals for the Fifth Circuit has recently dealt with the precise issue before the Court. In Bass v. Texas Power and Light Company, 432 F.2d 763 (C.A.1970) the Court held that appointment of an out-of-state administrator for the sole purpose of creating diversity of citizenship in order to invoke the jurisdiction of the federal court was improper and collusive. But,

> "[t]he question of whether a device is so lacking in substance as to be improper and collusive under Section 1359 is a question of fact." Bass, supra, at 766–767.

A hearing is therefore required to dispose of this issue.

Accordingly, it is ordered that a hearing on Defendants' motion, restricted to the issue of jurisdiction, will be held at 4:00 P.M. on February 14, 1972.

## MEMORANDUM AND ORDER:

This is a wrongful death action. The beneficiaries of the estate are decedent's widow and children, all residents of Texas. Decedent's estate is represented in this cause of action by Dale Singleton, as independent executor. Under the terms of decedent's will, Ms. Johnson, the widow, was designated independent executrix and Singleton, her brother and a resident of Illinois, was named as substitute independent executor. Ms. John-

son waived her right to serve, and Singleton assumed the role of independent executor. Defendants assert that Ms. Johnson's waiver was motivated by Plaintiff's desire "to create the requisite diversity of citizenship which otherwise does not exist," and is therefore a device prohibited by the terms of 28 U.S.C. § 1359. The case is presently before the Court on Defendants' motion to dismiss.

In a Memorandum and Order dated February 1, 1972, the Court concluded, on the basis of the Fifth Circuit's decision in Bass v. Texas Power and Light Company, 432 F.2d 763 (C.A.5, 1970), that disposition of Defendants' motion to dismiss required an evidentiary hearing, to determine whether the action taken here "is so lacking in substance as to be improper and collusive under § 1359." Id., at 767. At the hearing, held on February 15, 1972, Plaintiff presented three witnesses, the sum of whose testimony convinces the Court beyond doubt that neither Ms. Johnson's waiver nor Singleton's appointment as executor constitutes an "improper and collusive [action] under § 1359."

Ms. Johnson testified that, when she and her husband signed their wills in 1968, decedent had no living adult relatives within the State of Texas. All four of the couple's children were minors. Decedent had no brothers, but his parents and two sisters were residents of the State of Illinois. In addition to Singleton, Ms. Johnson had one sister, an Illinois resident. Singleton was selected as substitute independent executor in the wills of both husband and wife. Since Mr. Johnson's death, the widow has composed a new will in which she names Singleton as independent executor.

According to Ms. Johnson, she relinquished to Singleton her right to serve as decedent's independent executrix for a number of reasons. She had no business experience of her own, and had frequently relied on her brother's advice in the past. Singleton, the owner of a

grain elevator company in Hoopeston, Illinois, and a director in a savings and loan association, is a veteran businessman.

Ms. Johnson executed the waiver on the advice of her family attorney, John J. King. Shortly after he learned of decedent's fatal accident, King, who practices mostly probate law, contacted attorney Frank Abraham to discuss the possibility of legal action. At that time, however, no decision was made, and this suit was not in fact filed until June 4, 1971, six months after the accident.

King gave several reasons of his own for preferring Singleton's appointment as independent executor. In the first place, Mr. Johnson's death necessitated immediate decisions concerning the corporation of which he owned forty percent. Johnson had never discussed his business affairs with his wife and, in addition, the shock of her husband's accidental death had rendered her emotionally unprepared to confront so soon a confusing array of complex corporate detail. Finally, King knew that Ms. Johnson would rely heavily on her brother's advice, particularly with respect to the investment possibilities which King would be proposing. To protect himself legally, King preferred to secure the approval of Singleton in an official capacity—as executor of the estate. King states unequivocally that the decision to substitute Singleton had absolutely no relation to the present suit: he would have been appointed irrespective of legal action.

■ Plaintiff's attorney, Dale Friend, confirmed that Singleton had been substituted as independent executor well before his firm made the decision to initiate this litigation. Defendants' allegation that Singleton's appointment was effected solely for the purpose of creating diversity jurisdiction is thus refuted—and most convincingly—not only by the principal beneficiary of this cause of action, but also by two distinguished members of the Bar, one of whom is not an attorney of record in the instant suit. The Court is persuaded that, under the principles announced in *Bass* supra, there is here nothing possibly identifiable as "improper and collusive under § 1359." Accordingly, Defendants' motion to dismiss is denied and this cause is retained on the docket of the Court.

MEMORANDUM AND ORDER:

Plaintiff, Dale Singleton, brings this action as Executor of the Estate of Doyle Eugene Johnson, deceased, under Vernon's Ann.Tex.Rev.Civ.Stat., Art. 4671 et seq., and 5525, commonly referred to as the Wrongful Death Act and Survival Act. Suit is brought by Mr. Singleton on behalf of the Estate of the Deceased, Doyle Johnson, and the beneficiaries of the Estate. The beneficiaries of the estate are decedent's widow and children, residents of Texas; decedent's mother, resident of the State of Missouri; and decedent's father, resident of the State of Illinois.

Jurisdiction of the court is invoked on the basis of diversity of citizenship between the Plaintiff, a resident of the State of Illinois and the Defendants who are residents of Texas, under the provisions of 28 U.S.C. § 1332. The amount in controversy exceeds the jurisdictional minimum of $10,000.

In a Memorandum and Order, May 16, 1972, this Court held in denying Defendant's Motion to Dismiss that Mr. Singleton's appointment as Independent Executor of the Estate of Eugene Johnson did not constitute an "improper and collusive action under 28 U.S.C. § 1359" to manufacture diversity and invoke the jurisdiction of this court. Three Defendants' motions are now before the Court: Motion to Join Beneficiaries as Indispensible Parties Under Rule 19(b), Motion to Dismiss for Lack of Diversity, and Motion for Judgment on the Pleadings.

The question which must be considered by the Court to reach a decision on

the motion to join indispensible parties is if the beneficiaries must be joined as actual parties to a suit that is brought on their behalf. The answer clearly is no.

 In Matters governed by one of the Federal Rules of Civil Procedure this court will apply that rule regardless of contrary state law. Hanna v. Plumer, 380 U.S. 460 at 473, 85 S.Ct. 1136, 14 L. Ed.2d 8 (1968). Wright, Law of Federal Courts § 59, p. 245 (1970). Furthermore, in diversity cases, the question of joinder is one of federal law. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed. 2d 936 (1968).

Rule 17(a), 28 U.S.C. Rules of Civil Procedure, specifies that "every action shall be prosecuted in the name of the real party in interest. An executor, administrator, . . . . or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought."

Tex.Rev.Civ.Stat., Art. 4675 states: "Actions for damage arising from death shall be for the sole and exclusive benefit and may be brought by the surviving husband, wife, children, and parents of the person whose death has been caused or by either of them for the benefit of all. If none of said parties commence such action within three calendar months after the death of the deceased, the executor or administrator of the deceased shall commence and prosecute the action unless requested by all of such parties not to prosecute the same."

██ Since this suit was filed more than six calendar months after the death of the deceased, Mr. Singleton as executor of the estate clearly has authority under the Texas statute to bring this action on behalf of all beneficiaries named in the statute. Thus he is clearly within the scope of 17(a) and has the capacity to sue on behalf of the beneficiaries without joining them as real parties.

The presence of the beneficiaries in the suit as those being sued on behalf of is not enough to destroy diversity. Del Valle Rodriguez v. Wheeler et al., 16 F. R.D. 103 (S.D.Tex.1954).

██ Under Rule 19(b), 28 U.S.C. Rules of Civil Procedure a party does not have to be joined if his presence would destroy diversity unless his absence would render the court incapable in equity and good conscience of proceeding. Some of the factors the court must consider are to what extent a judgment rendered in the person's absence might be prejudicial, the extent to which by protective provisions in the judgment might lessen or avoid the possible prejudice, and whether a judgment rendered in the person's absence would be adequate. Since plaintiff has the capacity to sue and is in fact suing under Rule 17(a) and the Texas statutes on behalf of the beneficiaries, then the judgment that he takes will clearly be on their behalf and can be shaped to clearly delineate each of their interests. Therefore, they do not need to be joined as real parties under 28 U.S.C., Rule 19(b).

The Defendants' Motion to Dismiss for Lack of Diversity is predicated on the court's joining the parties requested in Defendants' Motion to Join Indispensible Parties. Since the Court has determined it is not necessary to join these parties diversity has not been destroyed and this case is still within the Court's jurisdiction.

██ Defendant bases his Motion for Judgment on the Pleadings on the failure of Plaintiffs' Prayer for Relief to specify that recovery is on behalf of the beneficiaries and the extent to which each of them should recover. It is clear from the face of the petition that the Plaintiff-executor is suing on behalf of the beneficiaries in the wrongful death action. The Plaintiff includes in his Prayer for Relief a general prayer that the Court grant what relief it deems necessary. A complaint which clearly

states a cause of action, the diversity necessary to bring it within the jurisdiction of the federal courts, and the parties entitled to relief will not be thrown out on pleading technicalities.

Accordingly, Defendants' Motion to Join Indispensible Parties, Motion to Dismiss for Lack of Jurisdiction, and Motion for Judgment on the Pleadings are denied.