HOLIDAY INNS, INC., Plaintiff-Appellant,

v.

HOLIDAY OUT IN AMERICA and Holiday Out in America at St. Lucie, Inc., Defendants-Appellees.

No. 72–2830.

United States Court of Appeals, Fifth Circuit.

June 13, 1973.

Rehearing Denied July 11, 1973.

**446**

---

James L. Kurtz, Washington, D. C., Richard A. Zachar, Chicago, Ill., Theodore P. Mavrick, Fort Lauderdale, Fla., James B. St. John, Jr., Liskow & Lewis, New Orleans, La., for plaintiff-appellant.

Karl Vance Hart, Miami, Fla., Robert S. Swecker, Washington, D. C., for defendants-appellees.

Before COLEMAN and DYER, Circuit Judges, and ESTES, District Judge.

ESTES, District Judge:

Plaintiff, Holiday Inns, Inc. (hereinafter Holiday Inn), seeks damages and injunctive relief against the defendants, Holiday Out in America and Holiday Out in America at St. Lucie, Inc., for using the service marks Holiday Out, Holiday Out in America, and The Nation's Campground in connection with their campground services business.

Holiday Inn has an international reputation for operating a chain of uniform-

ly high-quality motels, of which it owns approximately one-fifth, with the remainder operating under franchise agreements. Plaintiff owns the following registered service marks, which are used in connection with its motel services: Holiday Inn (arcuate script), Holiday Inn (linear script), a design for a distinctive "Great Sign" bearing the name "Holiday Inn" in script, Holiday Inn of America, Holiday Inns of America, and The Nation's Innkeeper. Plaintiff carefully supervises the use of its service marks by the facilities within its chain. Plaintiff and its franchisees have extensively advertised their motel facilities on radio and television and in newspapers and magazines. In 1970 (more than three years after defendants' first use of their own marks), plaintiff expanded into the business of owning and franchising campground facilities, using the service mark Holiday Inn Trav-L-Park.

Defendant Holiday Out in America is a partnership consisting of Hazen H. Kreis and Robert A. Epperson. Defendant Holiday Out in America at St. Lucie, Inc., is a corporation initially organized by Kreis and Epperson. Defendants built and operate campground facilities at Tansi, Tennessee, and at St. Lucie, Florida. These facilities are divided into small lots, containing parking slabs and connections for electricity, water, and sewage. The defendants sell the lots on a condominium basis and serve as rental agents for the lot owners desiring to rent their lots to transients. Defendants' facilities accommodate persons having travel trailers or recreational vehicles; they provide no motel accommodations. Since 1966, defendants have used the marks Holiday Out and Holiday Out in America. During 1967, defendants also used the mark The Nation's Campground, the use of which was then terminated.

On January 23, 1967, Holiday Out in America filed an application in the United States Patent Office for registration of its mark Holiday Out for services described as "maintaining and operating

campground facilities for campsite owners." The examiner found there was no likelihood of confusion between the mark Holiday Out and any other registered mark. The mark was then published in the official Gazette for the purpose of opposition. Holiday Inn filed an opposition to the registration on July 23, 1968. The marks Holiday Inn of America and Holiday Inns of America were not registered in the Patent Office until June 25, 1968, almost two years after defendants' first use of Holiday Out. The Trademark Trial and Appeal Board dismissed the opposition because the contemporaneous use of plaintiff's marks and defendants' mark "is not reasonably calculated to cause confusion or mistake or to deceive."

Pursuant to 15 U.S.C. § 1071(b)(1), by this civil action filed in the district court, plaintiff sought review of the Trademark Trial and Appeal Board's decision. Plaintiff also claimed service mark infringement, unfair competition, deceptive trade practices, injury to its business reputation, and dilution of its marks. After hearing the evidence, the trial court found there was no likelihood of confusion, mistake, deception, "palming off" of plaintiff's established reputation, or dilution of its marks. The court upheld the Trademark Trial and Appeal Board's decision which dismissed plaintiff's opposition to defendants' registration of Holiday Out and denied any relief to the plaintiff on its other claims. We agree.

■ The central issue regarding plaintiff's trademark infringement claim is whether the marks used by the defendants cause the likelihood of confusion or misunderstanding as to the source of defendants' services. See B. H. Bunn Co. v. AAA Replacement Parts Co., 451 F.2d 1254 (5 Cir. 1971); Sears, Roebuck and Co. v. Johnson, 219 F.2d 590 (3 Cir. 1955). Likelihood of confusion or misunderstanding is a question of fact. Hence, the trial court's findings will not be set aside unless clearly erroneous. Rule 52(a) F.R.Civ.P.; John R. Thompson Co. v. Holloway, 366 F.2d 108 (5 Cir. 1966); Sun-Maid Raisin Growers of California v. Sunaid Food Products, Inc., 356 F.2d 467 (5 Cir. 1966).

Plaintiff's evidence to show the likelihood of confusion or misunderstanding begins with a comparison of the three marks Holiday Out, Holiday Out in America, and The Nation's Campground used by the defendants with three of its own service marks, Holiday Inn, Holiday Inn of America, and The Nation's Innkeeper. Other evidence introduced by plaintiff included nine letters and a memorandum of a telephone call[1] purporting to evidence actual confusion, the results of a survey, and the video deposition of an expert philologist and lexicographer. The trial judge considered all of this evidence but concluded it merited little weight. Plaintiff contends that a proper analysis of this evidence required a finding of infringement.

■ The results of the survey conducted for Holiday Inn were admitted to show the state of mind of people when shown a placard bearing the words "Holiday Out." Although this circuit once held evidence of a poll to be inadmissible as hearsay, Sears, Roebuck & Co. v. All States Life Insurance Co., 246 F.2d 161 (5 Cir. 1957), the district court properly admitted the survey evidence in this case, leaving the format of the questions and the manner of conducting the survey for consideration as to the weight of this evidence. See Zippo Mfg. Co. v. Rogers Imports, Inc., 216 F.Supp. 670 (S.D.N.Y.1963)[2]; Manual for Complex Litigation, §§ 2.71 and 2.712; and Vandenburgh, Trademark Law and Proce-

---

1. Plaintiff's Exhibits Nos. 1057, 1059, 1070, 1072, 1075, 1076, 1077, 1080, 1081, and 1084 (also included as part of 1056).

2. Cited in the Advisory Committee's Note to Rule 703 of the proposed Federal Rules of Evidence for United States Courts and Magistrates (approved Nov. 20, 1972, and transmitted to Congress), 56 F.R.D. 183, 283.

dure, § 5.52 (2 ed. 1968). In this case the trial court found that the survey degenerated into a mere word-association test entitled to little weight because the format failed to account for the number of responses attributable to use of the word "Holiday" as distinguished from the service mark Holiday Out.

Plaintiff admits that the word "Holiday" is used, alone or in combination with words other than "Inn," throughout the United States, including the states of Tennessee and Florida, to designate motels and restaurants not affiliated in any way with plaintiff. The common word "Holiday" is of weak trademark significance. E. g., El Chico, Inc. v. El Chico Cafe, 214 F.2d 721, 725 (5 Cir. 1954). Indeed, in a footnote in its opinion denying Holiday Inn's opposition, the Trademark Trial and Appeal Board noted that in a civil action against plaintiff's use of Holiday Inn by the owner of the service mark Holiday Motor Hotels, Holiday Inn defended that suit "on the ground that 'Holiday is a common word and it has been and is widely used by others' for motel services."

However, due to plaintiff's extensive advertising and its success in developing a large chain of motels throughout the United States, it is likely that many persons asked to associate a business organization with the word "Holiday" would think of "Holiday Inn." We agree with the trial court that the failure of the survey to consider the effect that the word "Holiday" alone had on the responses and the techniques employed in conducting the survey rendered this evidence of slight weight. For a similar situation, see Miles Laboratories, Inc. v. Frolich, 195 F.Supp. 256 (S.D.Cal.), aff'd, 296 F.2d 740 (9 Cir. 1961), cert. denied, 369 U.S. 865, 82 S.Ct. 1030, 8 L. Ed.2d 84 (1962).

■ Plaintiff relies heavily upon the testimony of a noted lexicographer that the words "in" and "out" are intertwined in their meanings, so that one is normally defined with respect to the other. The contention is that a person seeing or hearing the word "out" will echo in his mind the word "in," which is pronounced the same as "inn." Thus, it is asserted that a person seeing the words "Holiday Out" would think of the words "Holiday Inn." However, the lexicographer's testimony clearly shows that the context of words must be considered and that the word "out" would not necessarily evoke the word "in" except in certain contexts. The trial court correctly found that the manner of advertising and use of the defendants' marks would not be likely to cause a prospective customer to conclude that the defendants were in any way affiliated or connected with plaintiff.

■ The trial court heard testimony of a former manager for more than two years of the only Holiday Inn motel near one of defendants' campground facilities that he could not recall a single instance of mail coming to Holiday Inn which was addressed to Holiday Out, and he did not testify to a single instance of indications that anyone confused the services of plaintiff and defendants. If confusion existed, this would have been one of the more likely places for it to become known. It is also significant that plaintiff, in its memorandum opposing a change of venue from Florida requested by defendant Holiday Out in America, argued that many witnesses from Florida, including various employees at the Holiday Out at St. Lucie facility, would be called to testify concerning the likelihood of confusion; however, at the trial plaintiff failed to call any witness to testify to confusion due to the marks involved. Instead, plaintiff relied upon the testimony of a vice president of Holiday Inn, to the effect that he had received inquiries concerning Holiday Out and upon the introduction of nine letters and a memorandum of that vice president concerning a phone call which he had received. Although the defendants failed to insist upon plaintiff's authenticating the letters by their authors, the trial court found that in view of their brevity, the lack of available cross-exam-

ination of the writers, and the unsubstantiated legitimacy of the letters[3] and lack of corroborating evidence, it would be rank speculation to find actual confusion created by defendants' use of their marks. Under the peculiar circumstances attending the evidence given by Holiday Inn's vice president, we agree with the trial court that it was of insufficient probative value to rise to the level of showing actual confusion caused by a similarity in the marks.[4]

Holiday Inn also contends that a comparison of the marks used by the defendants with its own will adequately demonstrate the intent of the defendants to adopt a colorable imitation of the marks. While acknowledging that intent is not a necessary element of infringement, it asserts that such evidence compels a finding of infringement, citing National Ass'n of Blue Shield Plans v. United Bankers Life Ins. Co., 362 F. 2d 374 (5 Cir. 1966), and Aetna Casualty & Surety Co. v. Aetna Auto Finance, Inc., 123 F.2d 582 (5 Cir. 1941). However, in those cases, the court held that the actions of the parties clearly indicated an effort on the part of the offending parties to confuse the public. Here, as the trial court found, defendants' business and advertising was not conducted in a manner to suggest a connection between the two businesses. Furthermore, plaintiff's argument is circular. It argues that confusing similarity of the marks is proved by the defendants' intent to confuse the public and that the defendants' intent to confuse the public is proved by the confusing similarity of the marks. The obvious flaw in the argument is that it requires the court to assume that which is to be proved.

Considering all of the evidence adduced, this court holds that the trial court correctly rejected plaintiff's contention that there was a likelihood of confusion as to the source of the services involved.

Plaintiff also contends that the trial court erred in not finding unfair competition on the part of the defendants. While the law of unfair competition extends beyond the law of trademark infringement, the acts of defendants of which plaintiff complains fall substantially within the areas of trademark infringement. Having upheld the trial court's ruling of no service mark infringement and agreeing with the trial court that defendants are not "palming off" their own services as those of the plaintiff, B. H. Bunn Co. v. AAA Replacement Parts Co., 451 F.2d 1254 (5 Cir. 1971), we find that the trial court's finding that there was not unfair competition was correct.

Likewise, the prior holding that there was no likelihood of confusion or misunderstanding as to either the services supplied or the source of the services involved disposes of the contention that the defendants were in violation of Florida Statutes §§ 817.69–817.72, F.S. A., dealing with deceptive trade practices.

No evidence was offered to show any injury to Holiday Inn's business reputation. Since defendants are not engaged in any advertising or activities that undermine Holiday Inn's reputation, such as was the case in Chemical Corp. of America v. Anheuser-Busch, Inc., 306 F.2d 433 (5 Cir. 1962), any injury to plaintiff's reputation due to defendants' activities would be based upon the con-

3. Two letters addressed to the Gulf Oil Corporation Executive Offices are suspiciously similar. Both were dated in December, 1970, after the suit was filed, both purportedly came from residents of Richland, Washington, and both refer to an article which had appeared in the *Wall Street Journal* nine months previously. The memorandum concerning a telephone inquiry received by plaintiff's vice president is even more tenuous than the letters, but it has been included with the letters for considering the value of this evidence.

4. It is not necessary to show actual confusion in a trademark infringement suit; however, plaintiff was attempting to shift the burden of proof on the likelihood of confusion to the defendants. World Carpets, Inc. v. Dick Littrell's New World Carpets, 438 F.2d 482 (5 Cir. 1971).

fusion of defendants' patrons as to the source of the services. Since there is no likelihood of confusion or misunderstanding, there is no likelihood of damage to plaintiff's reputation by defendants' conducting their activities under their present marks.

■■ Plaintiff's last significant contention is that defendants' marks dilute plaintiff's marks in violation of Florida Statutes 495.151, F.S.A. Dilution is a concept most applicable where a subsequent user uses the trademark of a prior user for a product so dissimilar from the product of the prior user that there is no likelihood of confusion of the products or sources, but where the use of the trademark by the subsequent user will lessen the uniqueness of the prior user's mark with the possible future result that a strong mark may become a weak mark. It is not applicable in this situation, however, because it has been determined that the marks themselves are not confusing. See Alberto-Culver Co. v. Andrea Dumon, Inc., 466 F.2d 705 (7 Cir. 1972).

Plaintiff has complained that the trial court's findings of fact dwell on the mark Holiday Out but ignore the marks Holiday Out in America and The Nation's Campground. The bulk of the evidence in the case focused upon the mark Holiday Out, leading the trial court to make more extensive findings regarding this mark. However, the trial court states, in Finding of Fact No. 29, that a review of the "marks herein involved" and the manner in which they are used convinced the court that plaintiff failed to show the likelihood of confusion between the "marks" of the respective parties. Thus, this contention is unmeritorious.

The trial court's findings of fact on all of the issues presented for review are supported by ample evidence, and no reversible error was committed. We find all of plaintiff's contentions lacking in merit; the judgment of the trial court is right, and it is

Affirmed.