**HANG TEN INTERNATIONAL (Substituted for Doris Moore of California, Inc.), Plaintiff-Appellant,**

v.

**SHERRY MANUFACTURING COMPANY, INC., Defendant-Appellee.**

**No. 74-1476**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

July 31, 1974.

John Cyril Malloy, Miami, Fla., Andrew J. Belansky, Richard D. Seibel, Pasadena, Cal., Richard W. Bussoff, New Orleans, La., for plaintiff-appellant.

M. A. Baskin, Miami, Fla., Leon Epstein, Miami Beach, Fla., James L. Guilmartin, Miami, Fla., for defendant-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

In March, 1971, Doris Moore of California, Inc., appellant's predecessor in interest, filed a trademark infringement complaint against Sherry Manufacturing Company, Inc. The issue was settled by consent decree wherein appellee was enjoined from using appellant's trademark, a pair of bare footprints side-by-side, with the right print positioned slightly ahead of the left. The mark is not restricted in size or color, although it primarily appears on the left breast of the appellant's tee shirts, in gold, with the prints about ⅝ of an inch long. The design that appellee agreed to stop manufacturing was a tee shirt with a single set of bare footprints on the left breast with the words Galveston, Texas above and below the prints.

In April, 1973, Hang Ten filed a contempt motion against Sherry, alleging that they were making use of Hang Ten's trademark or simulations thereof. It asked for indemnity, destruction of Sherry's catalogs, injunction against sale of the offending goods, and costs. A hearing was had before Judge Atkins, the same judge who had signed the consent order. He found that the use of the bare footprints by appellee was not the use of a simulation of appellant's trademark, that no likelihood of confu-

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

sion had been shown. The contempt motion was accordingly denied.

In these circumstances, the rule of Eskay Drugs v. Smith, Kline & French Laboratories, 5 Cir., 1951, 188 F.2d 430, does not apply.

 Findings as to likelihood of confusion are factual and not to be overturned unless clearly erroneous, Sun-Maid Raisin Growers of California v. Sunaid Food Products, Inc., 5 Cir., 1966, 356 F.2d 467; National Association of Blue Shield Plans v. United Bankers Life Insurance Company, 5 Cir., 1966, 362 F.2d 374.

Consequently, the judgment is

Affirmed.