## ARMSTRONG CORK COMPANY

v.

WORLD CARPETS, INC., World Carpets of Los Angeles, Inc., World Carpets of San Francisco, Inc., World Carpets of Dallas, Inc., World Carpets of Chicago, Inc., World Carpets of Miami, Inc., World Carpets of New York, Inc., and World Carpets of Minneapolis, Inc.

Civ. A. No. C77-49R.

United States District Court,
N. D. Georgia,
Rome Division.

Oct. 5, 1977.

**614**

Oscar M. Smith, Smith, Shaw, Maddox, Davidson & Graham, Rome, Ga., David H. T. Kane, Kane, Dalsimer, Kane, Sullivan & Kurucz, New York City, for plaintiff.

Warren N. Coppedge Jr., Mitchell, Mitchell, Coppedge, Boyett & Wester, Dalton, Ga., Julius R. Lunsford, Jr., Beveridge, Degrandi, Kline & Lunsford, Atlanta, Ga., for defendants.

## ORDER

MURPHY, District Judge.

This action by Armstrong Cork Company seeks a declaration by this Court that the use of the name Armstrong World Industries will not infringe any trademark or trade name owned by the defendants, World Carpets, Inc. Jurisdiction of declaratory judgments in general is established by 28 U.S.C. § 2201 and for this case by 15 U.S.C. § 1121. The alleged wrongs arise under the Lanham Act, 15 U.S.C. § 1051 et seq.

In response to plaintiff's complaint, defendant has alleged six separate counterclaims: 1) Infringement of defendants registrations under the Lanham Act, 2) use of a false designation of origin prohibited by 15 U.S.C. § 1125(a), 3) a dilution of the distinctive quality of the trade name as prohibited by Ga. Code Ann. § 106–115, 4) violation of the Georgia Uniform Deceptive Trade Practices Act, Ga. Code Ann. § 106–701 et seq., 5) unfair competition and 6) a violation of the Georgia Fair Business Practices Act of 1975, Ga. Code Ann. § 106–1201 et seq.

The plaintiff in this case, the Armstrong Cork Company, is an internationally known distributor of a wide range of interior furnishing products. Carpeting is one of those products. Plaintiff has sold rugs and carpets under several names since the 1920's but had its major impact in the carpet industry after its purchase of Evans & Black Carpet Mills in 1967. Plaintiff is estimated to be among the top three producers of carpet.

Defendant, World Carpets, is headquartered in Dalton, Georgia, and is a leading supplier of carpets in both domestic and foreign markets. Carpeting is defendant's sole product. "World" has been used as a trademark for its carpets since February, 1954. "World" was first registered as a trademark on September 18, 1962.

■ 1. Plaintiff Armstrong Cork has filed for summary judgment on the issues before the Court. To grant such a motion, it must appear that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure. To grant such a motion, there must not be the slightest doubt as to the facts. *Clark v. West Chemical Products, Inc.*, 557 F.2d 1155 (5th Cir. 1977).

■ Summary judgment has been termed peculiarly inappropriate in the area of unfair trade practices. See, *California Apparel Creators v. Wieder of California*, 162 F.2d 893 (2nd Cir. 1947) (L. Hand, dissent). This is so because the area is fraught with particular difficulty:

> Few would be stupid enough to make exact copies of another's mark or symbol. It has been well said that the most successful form of copying is to employ enough points of similarity to confuse the

public with enough points of difference to confuse the courts.

*Baker v. Master Printers Union of New Jersey,* 34 F.Supp. 808, 811 (D.N.J.1940).

■ Defendant's trademark "World" and a design of a globe was first registered in 1962 and thereafter achieved incontestability under 15 U.S.C. § 1065. Incontestability does not mean everyone except World Carpets of Dalton, Georgia is forever barred from the use of the world "World" in the marketing of merchandise, however. See, *Tillamook County Creamery Association v. Tillamook Cheese and Dairy Association,* 345 F.2d 158 (9th Cir. 1965); *John Morrell & Co. v. Reliable Packing Co.,* 295 F.2d 314 (7th Cir. 1961). For the purposes of this litigation, the incontestability of defendant's registration eliminates a possible defense for the plaintiff and limits the issues to the question of whether there is a likelihood of confusion from plaintiff's use of the name "Armstrong World Industries". *Union Carbide Corp. v. Ever-Ready Inc.,* 531 F.2d 366 (7th Cir. 1976); *Jean Patou, Inc. v. Jacqueline Cochran, Inc.,* 312 F.2d 125 (2nd Cir. 1963). That issue has been held to be a question of fact. *Hang Ten International v. Sherry Manufacturing Company, Inc.,* 498 F.2d 326 (5th Cir. 1974); *Sun-Maid Raisin Growers of California v. Sunaid Food Products, Inc.,* 356 F.2d 467 (5th Cir. 1966).

■ Plaintiff notes that summary judgments have been granted in this area. *Beef/Eater Restaurants, Inc. v. James Burrough Limited,* 398 F.2d 637 (5th Cir. 1968); *Rolls-Royce Motors Limited v. A & A Fiberglass, Incorporated,* 428 F.Supp. 689 (N.D. Ga.1976). Plaintiff quotes the Fifth Circuit that "the trial judge, by inspection of the trademarks, may himself determine, and must determine, the likelihood of confusion." *Beef/Eater,* 398 F.2d at 639.

Plaintiff argues that the court can find there would be no likelihood of consumer confusion. Plaintiff points to its survey disclosing the existence of over 100 carpet companies using the name "World". Plaintiff points to its own $37 million advertising campaigns for the "Indoor World of Armstrong". Plaintiff points to their wholly owned West Coast subsidiary "Pacific World". Plaintiff argues that the extensive use of the word "World" for these and other purposes makes defendant's trademark a "weak" one entitled to less protection. *Holiday Inns, Inc. v. Holiday Out in America,* 481 F.2d 445 (5th Cir. 1973); *El Chico, Inc. v. El Chico Cafe,* 214 F.2d 721 (5th Cir. 1954); *Field Enterprises Educational Corporation v. Cove Industries, Incorporated,* 297 F.Supp. 989 (E.D.N.Y.1969).

All of these factors may tend to indicate that the name Armstrong World Industries is not likely to confuse the public, but it is less than determinative of this patently factual issue. Some of these points may be totally irrelevant to the issue at hand.

Outside of the Fifth Circuit, the clear rule is that third party uses are irrelevant to a case of trademark infringement. See, for example, *Tisch Hotels, Inc. v. Americana Inn, Inc.,* 350 F.2d 609 (7th Cir. 1965); *Fleischmann Distilling Corp. v. Maier Brewing Company,* 314 F.2d 149 (9th Cir. 1963). This view has apparently been embraced in the Northern District of Georgia. *Carling Brewing Company v. Philip Morris Incorporated,* 297 F.Supp. 1330 (N.D.Ga.1968).

Courts have also varied widely in their appraisals of trademarks as "weak" or "strong". See, *Scarves by Vera, Inc. v. Todo Imports, Ltd.,* 544 F.2d 1167 (2nd Cir. 1976); *Tisch Hotels, supra.* To say that a trademark is "weak" is conclusory and helps not at all in determining if confusion is likely to result.

[W]hether a mark is regarded as "strong" or "weak", "original, arbitrary, fanciful" or "generic, descriptive, geographic" is but one of the elements to be considered in determining whether confusion is likely to result.

*Continental Motors Corp. v. Continental Aviation Corp.,* 375 F.2d 857, 861 (5th Cir. 1967).

A final reason for denying plaintiff's motion for summary judgment should be noted; plaintiff is attempting to add a name by a shareholder vote which another party has spent twenty three years building into a

recognized mark of quality. One's mark is not to be lightly tread upon:

His mark is his authentic seal; by it he vouches for the goods which bear it; it carries his name for good or ill. If another uses it, he borrows the owner's reputation, whose quality no longer lies within his own control. This is an injury, even though the borrower does not tarnish it, or divert any sales by its use; for a reputation, like a face, is a symbol of its possessor and creator, and another can use it only as a mask.

*Yale Electric Corp. v. Robertson,* 26 F.2d 972, 974 (2nd Cir. 1928) (L. Hand, J.) Summary judgment is not appropriate under these facts.

2. Defendant, World Carpets, has filed a cross motion for summary judgment. Defendant prosecutes its claim with no less fervor, but somewhat less conviction of their entitlement to summary judgment. Defendant has largely contented itself with parrying the thrust of plaintiff's motion for summary judgment, but has raised some points requiring dispatch.

Defendant contends that the issues of this litigation were settled in *World Carpets, Inc. v. Dick Littrell's New World Carpets,* 438 F.2d 482 (5th Cir. 1972). That case was an action for trademark infringement initiated by the defendant here against a group of Dallas, Texas retailers. World Carpet's request to cease the use of the name "New World Carpets" was prompted primarily by the desire to quiet Texas retailer's fears that World Carpets had entered the retail market. In that case, the Fifth Circuit held "World" to be registerable and not merely descriptive or geographic. A directed verdict was granted in that case on the basis of facts not in evidence here.

Plaintiff notes several cases wherein summary judgment or a directed verdict was granted. Each is distinguishable from the situation presented here. Here, there is no proof of actual confusion—compare *World Carpets,* supra. Here, there is no showing of a blatant copying of the form, color, and content of several aspects of de-fendant's trademark—compare *Beef/Eater,* supra; *Venetianaire Corp. of America v. A & P Import Co.,* 429 F.2d 1079 (2nd Cir. 1970). Here, public identification of the symbols is not clear and the alternative to summary judgment is a jury trial—compare *Rolls-Royce,* supra. Here, there has been no patent office refusal to register the challenged name—compare *Carling Brewing Company.* Any intent of Armstrong to usurp the good will and reputation developed by defendant is not self-evident. Defendant sells to retailers, a market which may be more sophisticated than the average consumer with which the aforementioned cases were concerned. The addition of the name "World" to "Armstrong" may be merely descriptive of the geographical range of Armstrong's interests. All of these factors together mandate a determination that the likelihood of confusion is less than certain and a denial of defendant's motion for summary judgment.

3. Plaintiff has requested that, in the event of the denial of the motions of summary judgment which has occurred, the court issue an order specifying facts which appear to be without substantial controversy. In recognition of the treatment afforded the "statements of material facts as to which there is no genuine issue", it is not "practicable" to stipulate undisputed facts at this time. Rule 56(d), Federal Rules of Civil Procedure. The determination of undisputed facts must be left for pretrial.

4. Defendant has moved for the addition of Armstrong World Industries, Inc., a Delaware corporation, as a party plaintiff to this action. Plaintiff has sought a declaratory judgment that operation under the name of Armstrong World Industries, Inc. would not infringe any trademarks or trade names owned by the defendant. Any dispositive resolution of the issues before this court will necessarily affect any corporation which has the name to which defendant is objecting. Armstrong World Industries, Inc. must, if feasible, be joined as a party to this litigation. Rule 19(a), Federal Rules of Civil Procedure; *Provident Tradesmens Bank & Trust Co. v. Patterson,*

390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *Haas v. Jefferson National Bank of Miami Beach,* 442 F.2d 394 (5th Cir. 1971).

5. Defendant has submitted a motion to strike the affidavits accompanying plaintiff's motion for summary judgment. The motion is without merit and unworthy of consideration.

6. Defendant has submitted a motion to strike plaintiff's combined statement of undisputed facts. The statement was submitted as an aid to the court and was accepted for that purpose.

7. Accordingly, plaintiff's motion for summary judgment is DENIED; defendant's motion for summary judgment is DENIED; defendant's motion to join an additional party plaintiff is GRANTED; defendant's motion to strike affidavits is DENIED; defendant's motion to strike the combined statement of undisputed facts is DENIED.